UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 1:09CR030 |
| vs. | : | Judge Barrett |
| CHRISTOPHER FREEMAN, | : | |
| Defendant. | : | |

**SENTENCING MEMORANDUM OF DEFENDANT CHRISTOPHER FREEMAN**

Now comes the Defendant, Christopher Freeman, by and through counsel, and respectfully submits this sentencing memorandum for the Court's consideration in sentencing. Mr. Freeman herein raises two issues in regard to his sentencing. First, Mr. Freeman objects to paragraphs 40 and 41of the Presentence Investigation Report (PSR) to the extent that the probation officer has applied a four-level enhancement, pursuant to U.S.S.G. § 2K2.1(b)(5). Mr. Freeman submits that such an enhancement constitutes impermissible double counting in this case. Second, Mr. Freeman objects to an upward departure, and submits that, pursuant to United States v. Booker, 125 S. Ct. 738 (2005), and 18 U.S.C. § 3553(a), a sentence below the recommended guideline range is appropriate under the circumstances of this case. Each issue is addressed below.

**I. Application of the four-level enhancement under U.S.S.G. § 2K2.1(b)(5) is improper.**

Mr. Freeman submits that application of the four-level enhancement under § 2K2.1(b)(5) is not appropriate in this case because it constitutes impermissible double counting. The Sixth Circuit prohibits double counting under the sentencing guidelines where "the same aspect of a defendant's conduct factors into his sentence in two separate ways." United States v. Gibson, 409 F.3d 325, 340 (6th Cir. 2005)(quoting United States v. Farrow, 198 F.3d 179, 193 (6th Cir. 1999)); United States

v. Duckro, 466 F.3d 438, 446 (6th Cir. 2006). Clearly, in Mr. Freeman's case the same aspect of his conduct – selling stolen firearms – has been considered in two separate ways: (1) the conviction for selling stolen firearms and corresponding base offense level of 12 under the sentencing guidelines; and (2) the four-level enhancement for selling stolen firearms, under § 2K2.1(b)(5). Thus, the four-level enhancement constitutes impermissible double counting.

It is beyond dispute that Mr. Freeman was convicted for selling stolen firearms. Specifically, count 1 of the indictment charged that Mr. Freeman "did knowingly receive, possess and dispose of stolen firearms." Obviously, the sale of stolen firearms was an element of the offense for which Mr. Freeman was convicted. Mr. Freeman's conviction for selling stolen firearms required application of U.S.S.G. 2K2.1. Under this section, Mr. Freeman's base offense level is 12, pursuant to § 2K2.1(a)(7). Thus, Mr. Freeman has already been punished for selling the firearms through the conviction and the application of a base offense level 12; an additional four-level enhancement for selling the same firearms double counts the same conduct.

The probation officer's response to Mr. Freeman's objection makes much of the fact that the probation department believes that Mr. Freeman also burglarized the gun shop and stole the firearms. Mr. Freeman was neither charged with nor convicted of this alleged conduct, however. Thus, it has no relevance to the double counting issue. The focus of the inquiry is whether "the same aspect" of Mr. Freeman's conduct has been double counted. Mr. Freeman's actual conviction was only for the possession and sale of the guns. The base offense level was determined on this basis. It is highly unfair to again count the sale of the firearms as a separate four-level increase to Mr. Freeman's sentence.

The probation officer also argued in response to the objection that Mr. Freeman both

"possessed" and "sold" the firearms, and that he must accordingly be punished for both aspects of his conduct: "the defendant is more culpable than a person who just possesses a stolen firearm. He took it to a higher level of culpability." (PSR, Addendum, p. 3). This would perhaps be true if Mr. Freeman were only convicted of possessing stolen firearms; but such is not the case. Mr. Freeman was convicted for possessing and selling firearms. It is likely a good bet that every defendant who is convicted of selling stolen firearms also possessed (at least constructively) the very same firearms. The probation department's suggestion that a defendant must be separately punished for both possessing and selling stolen firearms – when possessing the stolen firearms is a necessary precursor to selling them – seems off the mark.

The Sixth Circuit does not engage in this type of hair splitting when analyzing a double counting issue. The appropriate criteria under the above-cited case law is simply whether the "same aspect of a defendant's conduct factors into his sentence in two separate ways." Gibson, 409 F.3d at 340; Farrow, 198 F.3d at 193; Duckro, 466 F.3d at 446. In each of these cases, the court held that an enhancement was improper where the same conduct was already taken into account in the conviction and/or the base offense level. Here, the "aspect" of Mr. Freeman's conduct at issue is the sale of stolen firearms. This aspect of his conduct is "factoring" into his sentence both in terms of the count of conviction and base offense level, and the four-level enhancement. It does not matter that he also possessed the guns that he sold.

Accordingly, Mr. Freeman submits that application of the four-level enhancement under § 2K2.1(b)(5) is improper. Without the enhancement, the correct guideline range in this case is 18-24 months. Mr. Freeman submits that this range is the appropriate starting point for the determination of sentence in this case.

**II. Based on the factors under § 3553(a), a sentence below the guideline range is appropriate.**

Mr. Freeman objects to the upward departure recommended by the probation officer. Further, Mr. Freeman submits that the sentencing range suggested by the guidelines is greater than necessary to meet the statutory purposes of sentencing as provided in 18 U.S.C. § 3553(a) and that, accordingly, a sentence below the recommended guideline range is appropriate. This suggestion is based on several considerations.

Mr. Freeman is twenty-one years old and has never been to jail other than his pretrial detention in this case. His criminal history category is I, and he has had only minor skirmishes with the law prior to this offense. Mr. Freeman is, by all accounts, a heroin addict. His need for heroin had become fairly consuming by the time he engaged in the criminal conduct in the instant offense, and his involvement in it was driven by his serious addiction.

Although not mentioned in the PSR, Mr. Freeman has engaged in drug treatment since his release on bond in this case. Mr. Freeman attends drug counseling in both individual and group sessions. This treatment program was set up through United States Pretrial Services. Mr. Freeman's counselor reports that, although Mr. Freeman is emotionally immature at his age, his progress in treatment has been good. Thus, in the short time since his release, Mr. Freeman has begun to tackle the underlying problem that led to his involvement in the instant offense.

Additionally, Mr. Freeman has an excellent support system in place to aid in his recovery. He lives with his mother and father, and has five siblings who either live with his parents or in the area. Further, Mr. Freeman's grandmother, with whom he is very close, lives nearby. Mr. Freeman's father has struggled in his life with substance abuse issues, so he understands Mr. Freeman's current situation and is an excellent support in his recovery efforts. Mr. Freeman's parents provided a

detailed account of how Mr. Freeman got involved with the wrong crowd of friends, began heavy drug usage, and ultimately got involved in the instant offense, in paragraphs 63-68 of the PSR.

As noted previously, the PSR recommends an upward departure from Mr. Freeman's sentencing guideline range. This conclusion is based on the probation officer's perception that Mr. Freeman was the "more culpable"of the two defendants. This finding is difficult given the facts before the Court. It appears that Mr. Freeman's codefendant is in criminal history category VI. Although access is not permitted to the codefendant's presentence report, such a high criminal history category typically results from multiple felony convictions. Further, it is noted that the codefendant is significantly older than Mr. Freeman. The comments of Mr. Freeman's parents are very telling of the relationship between Mr. Freeman and the codefendant. (See PSR, ¶¶63-68). It appears that the codefendant's negative influence on Mr. Freeman has been the source of a good deal of argument between Mr. Freeman and his father. Mr. Freeman's father could plainly see that the codefendant was leading Mr. Freeman into a life of heavy drug usage and crime, and tried to keep Mr. Freeman away from that influence. (See PSR, ¶ 66). Unfortunately, he was unsuccessful.

Whether or not Mr. Freeman was "more responsible" in terms of the current firearm charges, it is clear that the codefendant was the older, hardened criminal between the two defendants, and that he and his associates were the ones responsible for leading Mr. Freeman down the path toward drug addiction and crime. Thus, Mr. Freeman submits that the probation officer's suggestion for an upward departure on this basis is unwarranted.[1]

---

[1] The probation officer also indicated in the PSR that the suggestion for an upward departure was not based on consideration of the codefendant's sentence: "This officer's recommendation was based on the defendant's conduct rather than any disparity between in (sic) sentencing range between the defendant and his co-defendant." (PSR, Addendum, p. 4). However, the probation officer represented at paragraph 138 of the codefendant's presentence investigation report the following: "Therefore, the Court may consider a downward variance based upon the disparity between Roehm's guideline sentencing range and that of codefendant Freeman."

In considering the factors under 18 U.S.C. § 3553(a), Mr. Freeman presents as a good candidate for a sentence below the applicable guideline range. He is in criminal history category I, indicating the lowest likelihood of recidivism under the guidelines. This determination is supported by Mr. Freeman's rehabilitative efforts since being released on bond, and his strong family underpinning. Likewise, there is little need to protect the public from future crimes of Mr. Freeman. He has not been in much trouble in his life, and the instant offense was driven by the impact of drug addiction in his life and the negative influences of the company he was keeping. Mr. Freeman is proving to the Court through his actions while on bond that he is on the right track to leading a law abiding life. Further, the need to provide correctional treatment in the most effective manner can best be met through Mr. Freeman's continued drug treatment while on supervised release. As the PSR points out at paragraph 76, Mr. Freeman may be ineligible for the benefits of the 500 hour drug program with the Bureau of Prisons because this case involves firearms, so drug treatment through a program on supervised release is the most effective manner of rehabilitating Mr. Freeman. Finally, no unwarranted sentencing disparity would be created for reducing the sentence of a first time felony offender who suffers from a drug addiction. Additionally, no unwarranted disparity is created with the sentence of the codefendant because the codfendant has a significant criminal history (category VI) and is much older. More importantly, the Court is not required to consider disparity between codefendants in a single case, but only issues of national disparity. United States v. Conaster, 514 F.3d 508, 521 (6th Cir. 2008).

In sum, Mr. Freeman submits that a sentence below the recommended guideline range is warranted in his case.

**III. Conclusion**

Based on the foregoing, Mr. Freeman submits that the four-level enhancement under U.S.S.G. § 2K2.1(b)(5) is improper and the correct guideline range is 18-24 months. Further, a sentence within the guideline range is greater than necessary to meet the statutory purposes of sentencing. Accordingly, a downward variance from the guideline range is warranted.

Respectfully submitted,

STEVEN S. NOLDER,
FEDERAL PUBLIC DEFENDER

s/ Richard Smith-Monahan
Richard Smith-Monahan (0065648)
First Assistant, Federal Public Defender
Chiquita Center
250 E. 5th Street, Suite 350
Cincinnati, Ohio 45202
(513) 929-4834

Attorney for Defendant
Christopher Freeman

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon Tim Oakley, Assistant United States Attorney, by Electronic Court Filing, this 4th day of September.

s/ Richard Smith-Monahan
Richard Smith-Monahan