UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. CR-1-09-030 |
| | : | |
| | : | (Barrett, Judge) |
| vs. | : | |
| | : | **GOVERNMENT'S SENTENCING** |
| | : | **MEMORANDUM** |
| CHRISTOPHER FREEMAN | : | |
| | : | |

The United States by and through counsel, Assistant United States Attorney, Timothy D. Oakley, respectfully submits that the sentence recommended by the United States Probation Department (Probation) be followed and the defendant sentenced accordingly.

## SENTENCING RECOMMENDATIONS

Probation has recommended a total term of incarceration of 43 months on the count of conviction. This sentence was calculated by Probation to be a total offense level of 19 in Count 1. This is based on the defendant's base offense level of 12. The defendant then received a six (6) level decrease for the number of firearms. An additional four levels was then applied due to the defendant's trafficking of the firearms A decree of three levels for acceptance of responsibility for a final offense total of 19. The defendant's criminal history category was level I with a corresponding sentencing range of 30-37 months. An upward deviation was recommended to 43 months due to the defendants' trafficking in those guns on multiple occasions and Freeman's intent to rob the undercover agent during one of the firearms transactions.

# OBJECTIONS TO PRE-SENTENCE REPORT

In response to the defendant's objection to the four level enhancement as double counting, the United States agrees with the probation report. "Double counting" occurs where *precisely* the same aspect of a defendant's conduct factors into his sentence in two separate ways. *United States v. Gibson*, 409 F.3d 35 (6th Cir. 2005) *Gibson* involved a Mine Safety and Health Act (MSHA) violation. In the sentencing of that case, the court struck down an enhancement of sentence for being leaders and organizers applied to the operators as double counting.
Understandably, an operator is arguably already a leader or organizer of the scheme. Similarly, the Court in *United States v. Farrow*, 198 F.3d 179 (6th Cir. 2000) reversed the application of an enhancement for the defendant's use of a car as a dangerous weapon in striking a police officer.

That is arguably not the case in this matter. Here the probation officer applied an increase for the number of firearms involved and the fact that the weapons in question were trafficked by Freeman on multiple occasions to various individuals including a drug source. The guidelines clearly call for an enhancement where firearms are sold. The rationale applied by the probation department is more correctly akin to the holding in *United States v. Eversole*, 487 F.3d 1024 (6th Cir. 2007) While agreeing with the basic concept in *Gibson* about double counting, *Eversole* recognized that where separate enhancements "penalize distinct aspects" of a defendant's conduct, no double counting will be found. *Eversole* at 1030 citing; *United States v. Perkins*, 89 F.3d 303, 307-10 (6th Cir. 1996) *Eversole* in its' decision cites the example of *Duckro*, 466 F.3d at 445 for the example of double counting an enhancement for transporting stolen firearms while being a prohibited person because a single aspect of the defendant's conduct both determines his

offense level and triggers an enhancement then double counting may occur. But where a conceptually distinct kind of harm triggers an enhancement above the base offense level no impermissible counting results. Moreover a determination of double counting does not invalidate a sentence. *Id* at 1030.

Here there clearly exists a distinct kind of harm that is recognized by the guidelines. The mere possession by Freeman was illegal. The trafficking of the firearms to drug sources and others presents a different and distinct harm to the community as it is impacted by untraceable firearms in the hands of drug dealers. Hence the separate application of distinct guidelines as per the Application note 13 referenced by the probation officer.

**STATEMENT OF FACTS FOR SENTENCING**

The second objection is more of a mitigation argument under Title 18 U.S.C. § 3353. Counsel attempts to make an argument that the defendant is less culpable than the co-defendant because of a difference in criminal history. That argument, while having some appeal on its face belies the facts of the specific case. There is no question who was in charge of the offense. Freeman sold the firearms to the drug source and Freeman ultimately received the money from the sale of these weapons. Moreover, it was Freeman who came up with the plan to rob the undercover agent. None of these acts were driven by the "harden criminal". It is more likely that Freeman used and directed a willing accomplice to achieve his own goals.

Title 18 U.S.C. § 3553(a) provides the Court with the factors that must be considered. First the Court must look at the nature and circumstances of the offense and the nature and circumstances of the defendant. While not having much of a criminal record the defendant directed this entire scheme. In doing so, he blithely sold untraceable firearms to a drug dealer in

return for his narcotics. Moreover, as counsel wishes to impart the co-defendant's characteristics into this matter, the government would assert that a disparity is in place and as the leader of the operation, Freeman should be sentenced as such and receive an amount of time comparable to the co-defendant.

Next, the Court must consider the need for the sentence imposed: (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the crime; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed or vocational training, medical care, or other correctional treatment in the most effective manner. Here the defendant again should be sentenced to the fullest extent of the law. This was a serious offense with dangerous repercussions. Untraceable weapons are now on the streets of Cincinnati due to the defendant's conduct. He has demonstrated that he has no respect for the law, society, or himself. The guidelines clearly are reasonable with regards to this factor.

With regards to drug treatment, the only harm to Freeman is that he will not get a reduction of his sentence for completion of the program. If drug treatment is sought, rehabilitation and not a sentence reduction should be the ultimate benefit. Therefore, whatever claim about eligibility he makes toward mitigation, it misses the whole point of the program. Further, the next factor is the kind of sentences available. In this case, incarceration is the only option. It is also the best option.

Finally, the Court is to consider the kinds of sentences and the sentencing ranges available for the applicable category of offense committed by the applicable category of the defendant as set forth in the guidelines. Here the sentence has been reviewed and a reasonable sentence recommended.

## CONCLUSION

The recommendations by probation are correct applications of the law. The upward departure is appropriate in this matter due to the facts of the case. The defendant should receive no less than the sentence recommended.

**Respectfully submitted,**

**WILLIAM E. HUNT**
**Acting United States Attorney**

*s/Timothy D. Oakley*
**TIMOTHY D. OAKLEY (0039965)**
**Assistant United States Attorney**
**221 East Fourth Street, Suite 400**
**Cincinnati, Ohio 45202**
**(513) 684-3711**
**Fax: (513) 684-2047**
**Tim.Oakley@usdoj.gov**

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing document has been served upon Richard Smith-Monahan, Attorney for defendant Christopher Freeman, this 11th day of September, 2009, by electronic filing.

*s/ Timothy D. Oakley*
**TIMOTHY D. OAKLEY (0039965)**
**Assistant United States Attorney**